```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

        vs.                     *   CRIMINAL NO. 00-0432

ERIC BENNETT                    *

DATE OF PREVIOUS JUDGMENT:      *   Paresh S. Patel, Esquire
  05/02/2008                        DEFENDANT'S ATTORNEY
*      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER RE: SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2)

The Court has before it the Crack Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) [Document 314] filed by Defendant Eric Bennett based on a Guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u).

Thus, the Court must determine, in effect, what would have been the sentence imposed had the amendment been in effect at the time of the initial sentencing.  Then, a second step is required.  As stated by the Supreme Court in Dillon v. United States, 560 U.S. ___, 130 S. Ct. 2683, 2692 (2010), "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or part under the particular circumstances of the case."

The Government agrees that Defendant Bennett is eligible for a sentence reduction but contends that the Court should not exercise its discretion to reduce the sentence.

Defendant Bennett's original sentence was determined - prior to departure and variance – based on Offense Level 36, Criminal History III. The Court departed downward by one Criminal History category, due to an "overstatement" finding. Thus, the Guideline range was, for Offense Level 36 and Criminal History Category II, 210 to 262 months. The Court started with the low end of the Guideline range (210 months) and varied for two reasons. First, Defendant Bennett had been incarcerated for the offense of conviction for some eight years; consequently he lost approximately 12 months of good time credit. Second, the Court determined that an 18 month variance was warranted by virtue of the extraordinary hardship sustained during incarceration by virtue of the defendant's handicap and his demonstrated efforts toward rehabilitation.

If the present Guidelines had been in effect on the original sentencing date, the Court would start with Offense Level 32, Criminal History Category III.[1] The Court finds no reason to find that it would have, or even could have on any principled basis, viewed Defendant Bennett's Criminal History Category any differently had

---

[1] The Court cannot find that it would depart upward from the Guideline Offense Level.

2

the present Guidelines been in effect.  Hence, prior to variance, the Guideline range would be the range for Offense Level 32, Criminal History category II, i.e. 135 – 168 months.  There is no doubt that the Court would have, as the undersigned Judge generally does in a case in which there has been substantial presentencing incarceration, provide the defendant with the lost good time credit.

Accordingly, even if the Court were to use the high end of the Guideline range, 168 months, and even if the Court had not given the 18 months additional variance, the resultant sentence would have been 156 months, a sentence that is 24 months less than the 180 month sentence this Court originally imposed.  Defendant Bennett's present release date is January 1, 2014, a date that is less than 24 months from the date of this Order.  Accordingly, step one of the instant inquiry would result in a sentence of time served.

The Government contends that, in step two of the instant inquiry, the Court should decline to exercise its discretion to provide Defendant Bennett with a sentence reduction.  Government counsel notes that Defendant Bennett engaged in serious criminal conduct and was sentenced by Judge Davis to life imprisonment plus 10 years, although the sentence was reversed by the United States Court of Appeals for the Fourth Circuit.  United States v. Bradley, 455 F.3d 453 (4th Cir. 2006).

3

The Court cannot agree with the Government.  The Court cannot, on any principled basis, effectively impose a 180 month sentence on Defendant Bennett under the current Guideline version.  The Court finds no justification for changing its Criminal History departure, for eliminating its 12 month "loss of good time credit" variance or, indeed, for now eliminating its 18 month "hardship and rehabilitation" variance.  Consequently, to effectively re-impose the original 180 month sentence as the Government contends, the Court would have to effectively depart upward by two Offense Levels without any principled justification and then apply the high end of the resultant range (210 months) so as to end up with a 180 month post variance sentence.

The Court was, at the time of the original sentencing, fully aware of the nature of Defendant Bennett's offenses and of the Life plus ten year sentence imposed by Judge Davis.  It does not find it appropriate to conclude that there is now – but was not at the time of the original sentencing – a reason to impose a sentence upon Defendant Bennett above that resulting from the applicable Guideline range.  The Court, considering again the § 3553(a) factors, concludes that it shall exercise its discretion to grant a sentence reduction.  The Court will, however, conduct a hearing and consider whether any modifications of Defendant Bennett's conditions of supervised release are warranted.

Accordingly:

1. The Crack Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) [Document 314] filed by Defendant Eric Bennett is GRANTED.

2. The Defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 180 months is hereby reduced to time served.

3. All provisions of the last judgment issued herein remain in effect subject to possible modification of conditions of supervised release.

4. An Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and an Order directing Defendant Bennett to appear for a hearing regarding conditions of supervised release shall be issued herewith.

SO ORDERED, on Monday July 30, 2012.

/s/
Marvin J. Garbis
United States District Judge